UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES T. and LOU ANN T.,
on behalf of their son, A.T.,

    Plaintiffs/Petitioners,

v.

TROY SCHOOL DISTRICT AND THE
BOARD OF EDUCATION OF THE TROY
SCHOOL DISTRICT,

    Defendants/Respondents.
                                           /

Case No. 05-71170

Honorable Patrick J. Duggan

## OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

    At a session of said Court, held in the U.S.
    District Courthouse, Eastern District
    of Michigan, on AUGUST 23, 2005.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On March 24, 2005, Plaintiffs James T. and Lou Ann T., on behalf of their minor son, A.T., filed a Complaint and Motion for Attorneys' Fees and Costs against Defendants pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, contending that because they are the "prevailing party" as defined by 20 U.S.C. § 1415(i)(3)(B), they are entitled to reasonable attorneys' fees and costs. On June 6, 2005, Plaintiffs filed an Amended Motion for Attorneys' Fees and Costs. For the reasons set forth below, Plaintiffs' Motion shall be denied and their Complaint shall be dismissed.

**I.   Background**

The IDEA provides, in pertinent part:

(B) Award of attorneys' fees

(i) In general

In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as a part of the costs–

(I) to a prevailing party who is the parent of a child with a disability.

20 U.S.C. § 1415(i)(3)(B).

The dispute over attorneys' fees originated from the Plaintiffs' claim that questioned the adequacy of the public education that Defendant Troy School District provided to A.T., who is a learning disabled student. Plaintiffs argued that several Individualized Education Programs (IEPs) proposed and/or implemented by the Troy School District failed to appropriately address A.T.'s educational, speech, language, and social/emotional needs. Defendant conducted several IEP team meetings, as required by IDEA, to determine A.T.'s educational needs and implement programs to address these needs.

In November 2001, Defendant found that A.T. was not eligible for special education services and Plaintiffs did not dispute this finding. However, in December 2002, Defendant found A.T. eligible for special education and Plaintiffs signed the proposed IEP in full agreement, requesting that it be implemented. Plaintiffs expressed disagreement with the final IEP in question, but signed the document allowing the IEP to be implemented.

Plaintiffs subsequently conducted independent evaluations with a private psychologist, enrolled A.T. in a private school that provided special education services, and requested

mediation pursuant to IDEA to obtain an appropriate educational program for A.T. and recover costs for his private education and evaluations. Under IDEA, mediation is available if both parties voluntarily agree to the proceedings. 20 U.S.C. § 1415(e)(2)(A)(i). In this case, because Defendant Troy School District did not agree to mediation, Plaintiffs initiated an impartial due process hearing pursuant to 20 U.S.C. § 1415(f), which was conducted by local hearing officer (LHO) Jason D. Kolkema, Esq.

Plaintiffs contends that they are prevailing parties for purposes of IDEA because they have prevailed on several significant issues in a settlement agreement reached with Defendant Troy School District. This settlement agreement was conducted through a series of letters between the parties from December 2004 through January 2005, culminating in a January 11, 2005 letter sent by Defendant that contained a settlement offer which was incorporated into the LHO's order of dismissal. (Defs.' Resp. Ex. 5). Plaintiffs contend that they are prevailing parties because, in this letter, Defendant Troy School District offered to:

(1) reimburse Plaintiffs for $7,240.00 of their expenses relating to private evaluations and education;

(2) provide up to 100 hours of compensatory education services;

(3) place A.T. in a learning disabilities basic classroom for up to one-half of the school day;

(4) increase A.T.'s speech therapy, social work and integration consultant services;

(5) add occupational therapy to A.T.'s program;

(6) find that A.T. is learning disabled in the area of written expression;

(7) extend school year programming; and

3

(8) make additional supplementary aids and services available to A.T.

(Pls.' Am. Br. in Supp. of Mot. at 5; *see id.* Ex. A, pp. 2-4).  Moreover, the settlement offer specifically rejected Plaintiffs' request for attorneys' fees and mandated that Plaintiffs withdraw their request for a due process hearing.  (PLS.' Am. Br. in Supp. of Mot. Ex. A, pp. 2-3).

Plaintiffs moved to have this settlement offer incorporated into the LHO's order of dismissal to preserve their right to pursue reimbursement of attorneys' fees under IDEA. (PLS.' Am. Br. in Supp. of Mot. at 5).  The LHO incorporated the entire January 11, 2005 letter as the parties' "offer of settlement" into his Order of Dismissal pursuant to a telephone conference during which Plaintiffs argued for this result.  (*See* Defs.' Resp. Ex. 7, Tr. of Telephone Conf. between LHO and parties).

**II.   Discussion**

The first issue in this case is whether the Plaintiffs are "prevailing parties" under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(B).  The standard used to interpret the term "prevailing parties" is consistent regardless of the statute at issue.  *See Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 1839 n.4 (2001)).  In order to attain the status of prevailing parties, Plaintiffs must succeed on any significant issue that achieves some of the benefit sought in bringing the suit.  *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933, 1943 (1983)).  They are not required to establish that they prevailed on *all* claims, only that they have obtained some of the relief sought.  *See Dillery*, 398 F.3d at 569 n.2.  In addition, for

4

Plaintiffs to be declared prevailing parties, there must have been a judicially sanctioned material alteration of the legal relationship of the parties. *Buckhannon*, 532 U.S. at 604, 121 S. Ct. at 1841. Although *Buckhannon* referred to the requisite "judicial imprimatur," and the proceedings at issue here were administrative, the court in *A.R. v. New York City Department of Education*, 407 F.3d 65 (2d Cir. 2005), found that "the combination of administrative *imprimatur*, the change in the legal relationship of the parties arising from it, and subsequent judicial enforceability, render such a winning party a 'prevailing party' under *Buckhannon's* principles." *Id.* at 76.

Although a defendant's voluntary conduct lacks the administrative imprimatur necessary to establish prevailing party status, some courts have been liberal in determining that private settlement agreements may satisfy the requirement of administrative imprimatur if the agreement is the functional equivalent of a court-ordered consent decree. *Smith v. Fitchburg Public Schools*, 401 F.3d 16, 23 (1st Cir. 2005); *Smyth*, 282 F.3d at 281. In general, in order to establish the necessary administrative imprimatur, plaintiffs must either show they have prevailed on the merits of their claim or that they have obtained a court-ordered consent decree. *See Buckhannon*, 532 U.S. at 604, 121 S. Ct. at 1840; *Smith*, 401 F.3d at 22. To establish that the private settlement agreement is the functional equivalent of a court-ordered consent decree, Plaintiffs must show that the private settlement agreement entails the judicial approval and oversight involved in consent decrees. *Buckhannon*, 532 U.S. at 605, 121 S. Ct. at 1841. For example, in *Smyth*, the court found that "where a settlement agreement is embodied in a court order such that the obligation to comply with its terms is court-ordered, the court's approval and the attendant judicial oversight . . . may

5

be equally apparent." *Smyth*, 282 F.3d at 281.

In this case, Plaintiffs prevailed on significant issues through the settlement agreement that granted the substantive relief that they sought in the case. The substantive relief offered by Defendants in the letter provides compensatory relief and various material improvements to A.T.'s educational program. (*See* Pls.' Am. Br. in Supp. of Mot. Ex. A, pp. 2-4). The offer of settlement was incorporated by reference in the Order of Dismissal, which reads:

> This matter having come before this Hearing Officer on the Petitioner's Motion for Entry of Judgment; having considered the arguments presented by the parties; and having received the attached January 11, 2005 offer of settlement which is incorporated by reference; now therefore
>
> **IT IS HEREBY ORDERED** that for the reasons set forth in the record on February 23, 2005, this case is **DISMISSED.**

(Pls.' Am. Br. in Supp. of Mot. Ex. B). Therefore, the LHO incorporated the terms of the settlement by reference and attached the letter to which he referred to his Order of Dismissal. (Defs.' Resp. Ex. 5).

Though Defendants argue that the terms of the settlement were not made part of the Order of Dismissal because the LHO did not impose any obligations upon the parties through his Order, it is clear that he imposed the obligations contained in the settlement offer. (Defs.' Ex. 7, p. 28). Defendants' argument overlooks the fact that incorporation of settlement terms by reference is sufficient. *A.R.*, 407 F.3d at 78 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S. Ct. 1673, 1677 (1994), and finding that settlement of an administrative proceeding is the equivalent of a final judgment on the merits when the terms of the settlement agreement are made part of the order of dismissal by separate provision or *by incorporating the terms of the settlement agreement in the order*).

6

Here, the parties agreed to have the terms of the letter containing the settlement agreement attached to and incorporated into the LHO's order, and the LHO approved of this agreement. (*See* Defs.' Resp. Ex. 7, p. 28). That the LHO did not type the terms of the agreement into the actual order, but instead chose to read these terms into the record and attach the letter, does not provide a sufficient basis to determine that the settlement terms were not incorporated into the order. *See A.R.*, 407 F.3d at 78. Therefore, the Court believes that the Plaintiffs have established themselves as prevailing parties.

Although Plaintiffs are the "prevailing parties" for the purposes of 20 U.S.C. § 1415(i)(3)(B), the second issue this Court must address is whether the terms of the settlement letter bar Plaintiffs from collecting reasonable attorneys' fees and costs. One difficulty in evaluating this argument is that both Plaintiffs and Defendant argue that there was no settlement agreement. (Defs.' Resp. at 8; PLS.' Am. Br. in Supp. of Mot. at 11). This argument is complicated because Plaintiffs agreed to have the terms of Defendant's settlement offer incorporated into the LHO's Order of Dismissal. (Defs.' Resp. Ex. 7, pp. 28-29).

Plaintiffs, in fact, acknowledge that a hearing officer can, and in this case did, incorporate the terms of a settlement agreement into an order of dismissal.

> Prior to a decision by a hearing officer on the merits at the conclusion of an evidentiary hearing, an IDEA dispute between a parent and their child's school district can be resolved by the parties voluntarily entering into a settlement agreement that both parties execute, or *as occurred in this matter*, turning to the administrative Hearing Officer to review the terms of a settlement offer made by the school district and then by the Hearing Officer incorporating those terms of [sic] an Order of Dismissal.

(Pls.' Am. Br. in Supp. of Mot. at 9 (emphasis added)).

7

> Plaintiffs further agree:
>
> The LHO's Order must be read in its entirety. The LHO's Order, when read in its entirety, clearly goes beyond a simple dismissal. By incorporating the terms of the settlement offer and attaching the January 11, 2005 letter to the Order, the LHO approved of the terms and made them judicially enforceable.

(Pls.' Reply at 2-3).

As a settlement agreement is a contract like any other, both an offer and an acceptance must take place, and there must be a meeting of the minds as to the terms of the contract. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). LHO Kolkema stated his belief that "essentially we have a potential settlement agreement as to the substance of issues . . . But there's really no clear meeting of the minds as to procedural matters," (Defs.' Resp. Ex. 7, p. 6). In response, John Gierak, attorney for Defendants, stated that Plaintiffs should either accept the terms of Defendant's settlement offer, which included an offer of educational benefits for Alexander and denied Plaintiffs' request for attorneys' fees, or proceed with the due process hearings. (*Id.* at p. 8). LHO Kolkema agreed to grant the Plaintiffs' motion in part by incorporating all parts of the Defendant's settlement offer, though denying their request for retained jurisdiction, and Plaintiffs agreed to this proposal. Therefore, the Court believes that all terms of the settlement offer were incorporated, including the waiver of attorneys' fees.

Plaintiffs argue that they never agreed to the terms of the settlement offer, but only requested that the LHO enforce the terms in paragraphs labeled 1-9 in the settlement offer. (PLS.' Reply at 4). However, the LHO cannot force the parties to accept a settlement offer to which they did not agree. *See Evans v. Jeff D.*, 475 U.S. 717, 726, 106 S. Ct. 1531, 1537

8

(1986) (finding that even when court has the power to approve or reject a settlement agreement under Rule 23, it has no power to *require* the parties to consent when they do not agree). Additionally, even though the Plaintiffs objected to Defendant Troy School District's "self-serving statements," the court cannot modify a settlement agreement, but must accept or reject the agreement as a whole. *See Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001). In this case, Plaintiffs agreed to have the *entire settlement offer* incorporated into the Order of Dismissal. (*See* Defs.' Resp. Ex. 7, pp. 23, 28).[1]

Plaintiffs argue that, even if a settlement agreement was formed, they did not waive their right to attorneys' fees because a waiver of attorneys' fees must be express. This argument is meritorious, in that silence is insufficient to create a waiver and the settlement must clearly state that the Plaintiffs will not seek reimbursement of attorneys' fees. *El Club Del Barrio v. United Comty. Corps., Inc.*, 735 F.2d 98, 101 (3d Cir. 1984) (finding that Plaintiffs did not waive their right to seek attorneys' fees when the agreement was silent as to the issue after Plaintiffs removed a provision maintaining their right to seek fees over Defendant's objection); *Torres v. Metro. Life Ins. Co.*, 189 F.3d 331, 333 (3d Cir. 1999) (finding no waiver of attorneys' fees where the agreement contained no reference to

---

[1] Plaintiffs further argue that the LHO had no authority over the issue of attorneys' fees. (Pls.' Reply at 2). Though this may be true, Plaintiffs could certainly agree to waive their right to seek attorneys' fees in a settlement agreement. Moreover, if a settlement agreement could not be reached, Defendant had the right to an impartial due process hearing under IDEA. 20 U.S.C. § 1415(f)(1)(A). During the telephone conference, Defendant Troy School District clearly indicated that it was unwilling to settle if the waiver of attorneys' fees was not a part of the settlement agreement. (Defs.' Resp. Ex. 7, p. 8). Plaintiffs cannot, therefore, obtain the benefits of the settlement offer without fulfilling their responsibilities under the agreement, including relinquishing their right to collect attorneys' fees. Therefore, if, as Plaintiffs argue, there was no settlement agreement, Defendants would be entitled to an impartial due process hearing to determine the extent of their liability.

9

attorneys' fees). However, these cases are distinguishable from the instant case, where the settlement agreement expressly provided that Plaintiffs would not seek attorneys' fees after settlement.

Finally, Plaintiffs argue that considerations of public policy support their request for attorneys' fees because parents may be discouraged from bringing an IDEA suit advocating their children's rights if they know they will have to pay for legal representation. (PLS.' Am. Br. in Supp. of Mot. at 16). In addition, Plaintiffs argue that denying their attorneys' fees request will encourage parties to continue with the due process hearings to obtain a judgment on the merits rather than settling, thus wasting judicial resources. (*Id.* at 16-17). However, in *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469 (7th Cir. 2003), the Seventh Circuit analyzed the plaintiffs' various policy arguments upon their application for attorneys' fees, and determined that IDEA only guarantees the right to a free public education, and does not guarantee that the plaintiffs will recover attorneys' fees. *Id.* at 477. Therefore, Plaintiffs' policy arguments must be rejected.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED.**

                                                                 s/PATRICK J. DUGGAN
                                                                 UNITED STATES DISTRICT JUDGE

Copies to:
Laura A. Athens, Esq.
John F. Brower, Esq.
John L. Gierak, Esq.